Yasin M. Almadani (Cal. Bar No. 242798)
ALMADANI LAW
4695 MacArthur Ct., Suite 1100
Newport Beach, CA 92660
(949) 877-7177 | YMA@LawAlm.com

Ahmed Ibrahim (Cal. Bar No. 238739)
AI LAW, PLC
4695 MacArthur Ct., Suite 1100
Newport Beach, CA 92660
(949) 266-1240 | aibrahim@ailawfirm.com

*Attorneys for Plaintiff Firdos S. Sheikh, M.D.*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| FIRDOS S. SHEIKH, M.D., an individual, | Case No. |
| Plaintiff, | **COMPLAINT FOR CONSTITUTIONAL AND CIVIL RIGHTS VIOLATIONS AND FOR DAMAGES AND INJUNCTIVE RELIEF** |
| v. | |
| ROB BONTA, Attorney General of the State of California, in his official capacity, KATIE PHELAN, Special Agent for the California Department of Justice Bureau of Medi-Cal Fraud and Elder Abuse, in her individual capacity; and DOES 1-10, inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff FIRDOS S. SHEIKH, M.D. ("Plaintiff" or Dr. Sheikh"), by and through her attorneys of record, Yasin M. Almadani and Ahmed Ibrahim, brings this action demanding a jury trial against Defendants ROB BONTA, Attorney General of the State of California Department of Justice, in his official capacity (the "DOJ"), KATIE PHELAN, Special Agent for the California Department of Justice Bureau of Medi-Cal Fraud and Elder Abuse, in her individual capacity ("Agent Phelan" or "Phelan"), and DOES 1-10, inclusive, (collectively, "Defendants"), for violations of Dr. Sheikh's constitutional and civil rights. Dr. Sheikh alleges the following based upon personal knowledge and information and belief:

## I.   <u>NATURE OF THE ACTION</u>

1.     Dr. Firdos Sheikh is a 64-year-old woman of Indian descent, who overcame incredible odds to earn her medical degree in the 1980s and become a highly qualified neurologist, assistant clinical professor of neurology, and pillar of her community in the greater Sacramento area.

2.     Dr. Sheikh's life and career were decimated, however, when DOJ Special Agent Katie Phelan decided to falsify and fabricate a criminal case against Dr. Sheikh based on lies and half-truths to have Dr. Sheikh charged in a five-count complaint alleging medical billing fraud with aggravated circumstances. This led to Dr. Sheikh's arrest and years of prosecution. Ultimately, Dr. Sheikh prevailed at the preliminary hearing stage when the Court dismissed the DOJ's criminal case against her in its entirety with a substantive finding of *no probable cause*.

3.     Despite dismissal, such a prosecution in and of itself is all but a death knell for a professional of Dr. Sheikh's stature whose life, career, reputation, and emotional well-being have been permanently tarnished and destroyed as a result of Agent Phelan and the DOJ's falsified case. Dr. Sheikh seeks justice by this suit.

## II.   <u>JURISDICTION AND VENUE</u>

4.     This Court has jurisdiction over the claims alleged in this Complaint under 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights), as well as Article III of the

1    U.S. Constitution. Supplemental jurisdiction over state law claims is proper under 28

2    U.S.C. § 1367 because all claims arise from a common nucleus of operative facts that are

3    so intertwined that they cannot be reasonably separated.

4         5.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because either

5    Defendants reside in and can be found in this judicial district, and/or a substantial part of

6    the events or omissions giving rise to the claim occurred within the County of

7    Sacramento, State of California, within the Eastern District of California.

8    **III.    PARTIES**

9         **A.    Plaintiff**

10        6.    Plaintiff FIRDOS S. SHEIKH, M.D. ("Dr. Sheikh") is a 64-year-old, Indian

11   woman who resides in Sacramento County, California. Dr. Sheikh is a neurologist who

12   overcame significant societal obstacles to earn her medical degree in India in the 1980s

13   when women in India faced significant hurdles seeking higher education.

14        **B.    Defendants**

15        7.    Defendant ROB BONTA, Attorney General of the State of California, in his

16   official capacity ("Mr. Bonta"), is the state's top law enforcement official in charge of

17   the California Department of Justice. Mr. Bonta is sworn to ensure that he and the

18   employees in his Department of Justice uphold the law, including constitutional and

19   statutory protections relating to citizens.

20        8.    Defendant KATIE PHELAN ("Agent Phelan") is and was at all relevant

21   times a Special Agent for the California Department of Justice Bureau of Medi-Cal Fraud

22   and Elder Abuse.

23   **IV.    FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

24        9.    Dr. Firdos Sheikh is a 64-year-old woman of Indian descent, who is a

25   neurologist with a sub-specialty in electrodiagnostic medicine. As a minority woman, she

26   overcame significant societal obstacles to earn her medical degree in India in the 1980s,

27   graduating from a top university and securing a prestigious internship in neurosurgery.

28   Thereafter, Dr. Sheikh immigrated to the United States, passed her USMLE Board

examinations, secured a residency in neurology at the prestigious University of California, Davis, School of Medicine, completed her specialty in Neurology as Chief Resident, and went on to also subspecialize in Electrodiagnostic Medicine through a prestigious fellowship at U.C. Davis. Prior to starting her own very successful private practice, Dr. Sheikh served as faculty at U.C. Davis for approximately five years. She continued to teach while in private practice, holding two prestigious titles at California North State University: Assistant Clinical Professor of Neurology and Assistant Clinical Professor of Electrodiagnostic Medicine. By 2018, Dr. Sheikh was an extremely successful neurologist and pillar and leader in her community in Elk Grove, California.

10.     In and after March 2019, the career and life Dr. Sheikh had worked so hard for decades to build were destroyed when Agent Phelan knowingly and willfully submitted falsified and misleading information and evidence to support false charges of Medicare and Medi-Cal fraud against Dr. Sheikh. Agent Phelan's lies and misleading half-truths about Dr. Sheikh having committed fraud, including falsified and misleading statements and suggestions of fraudulent intent, resulted in a five-count felony fraud complaint against Dr. Sheikh with special allegations of, *inter alia*, aggravated white collar enhancement, aggravated leadership role, and aggravated circumstance of planning and sophistication, which led to the illegal search and seizure of Dr. Sheikh and her property, as well as her unlawful arrest and imprisonment.

11.     To support the fabricated case against Dr. Sheikh and to build credibility for the false case, Agent Phelan, in a sworn declaration, touted herself as a highly experienced medical-billing fraud law enforcement agent having personally been involved in the investigation of hundreds of medical billing fraud cases. Agent Phelan touted that, based on significant training and experience, she was highly familiar with the regulations that govern health care providers who bill services to the Medi-Cal program, including rules and regulations relating to the billing process, payment process, and record retention.

12.     Agent Phelan deliberately asserted that, based upon her considerable

training and experience investigating medical-billing fraud and her extensive review of Dr. Sheikh's medical records, the evidence showed that Dr. Sheikh was falsely and with fraudulent intent billing for hip arthrograms and joint injections. At the time, Agent Phelan knew or should have known that this charge of fraud and fraudulent intent was false, and that Phelan had deliberately falsified and mischaracterized the purported evidence against Dr. Sheikh.

13.    Specifically, Agent Phelan knew or should have known based on the evidence that there was no fraud, that Dr. Sheikh was legitimately administering the subject injections, that the injections were a minuscule part of Dr. Sheikh's practice and billing (less than 1%), that there was no evidence of fraudulent intent but rather, to the contrary, there was evidence of good faith on the part of Dr. Sheikh. Nevertheless, Agent Phelan deliberately buried and turned a blind eye to the overwhelming facts (some of which are identified above) reflecting Dr. Sheikh's innocence that would be apparent to any reasonable person let alone an experienced agent. Phelan instead falsified a case against Dr. Shield that was built on misleading information and half-truths to cast Dr. Sheikh as a fraudster when the objective evidence before Phelan showed otherwise. Phelan's false and misleading evidence and characterizations led to Dr. Sheikh being unlawfully searched, falsely charged, and unlawfully arrested and jailed without probable cause.

14.    Agent Phelan also deliberately asserted that, based upon her considerable training and experience investigating medical-billing fraud and her extensive review of Dr. Sheikh's medical records, the evidence showed that Dr. Sheikh was falsely and with fraudulent intent billing for physical therapy. At the time, Agent Phelan knew or should have known that this charge of fraud and fraudulent intent was false, and that Phelan had deliberately falsified and mischaracterized the purported evidence against Dr. Sheikh.

15.    Specifically, Agent Phelan knew or should have known based on the evidence that there was no fraud or fraudulent intent, that Dr. Sheikh was legitimately administering the physical therapy for which she was billing, that the manner in which

the physical therapy was being administered was consistent with Medicare and Medi-Cal rules and regulations, and that the DOJ itself had previously examined this precise physical therapy practice of Dr. Sheikh and found no wrongdoing. Nevertheless, Agent Phelan deliberately buried and turned a blind eye to the overwhelming facts (some of which are identified above) reflecting Dr. Sheikh's innocence that would be apparent to any reasonable person let alone an experienced agent. Phelan instead falsified a case against Dr. Sheikh that was built on misleading information and half-truths to cast Dr. Sheikh as a fraudster when the objective evidence before Phelan showed otherwise. Phelan's false and misleading evidence and characterizations led to Dr. Sheikh being unlawfully searched, falsely charged, and unlawfully arrested and jailed without probable cause.

16.     Phelan misled the DOJ into filing a criminal felony complaint falsely accusing Dr. Sheikh of medical-billing fraud with aggravating circumstances as stated above. In doing so, she was not appropriately supervised by her chain of command leading up to the Attorney General and the Department of Justice.

17.     As a result of Phelan's and the DOJ's unlawful and unconstitutional conduct, Dr. Sheikh suffered through unlawful search and seizure of person and property, as well as investigation and prosecution for years until her case was finally brought to preliminary hearing at the conclusion of which on March 7, 2022, the Court dismissed the criminal case in its entirety for lack of probable cause.

18.     As a direct and proximate result of Agent Phelan and the DOJ's false fraud case, Dr. Sheikh has suffered immensely including, *inter alia*, the loss of her successful, long-standing medical practice, loss of professional reputation, loss of personal reputation, loss of family and friends, loss of community, loss of enjoyment of life, emotional distress and psychological injury that cannot be overstated.

19.     On March 28, 2022, Dr. Sheikh timely filed an administrative claim, a response to which has not been received to date.

## V.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

#### FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION

#### VIOLATION OF 42 U.S.C. § 1983

#### (FALSE STATEMENTS AND FABRICATION OF EVIDENCE)

(*Against All Defendants*)

20.     Plaintiff Firdos Sheikh, M.D. ("Plaintiff" for purposes of this claim) brings this claim for relief against all Defendants and realleges and incorporates by reference in this claim each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

21.     Pursuant to Title 42 U.S.C. § 1983, there is a clearly established constitutional due process right not to be subjected to false criminal charges based on fabricated, falsified, mischaracterized, and misleading evidence. *See, e.g., Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001).

22.     As described in detail above in Section IV (Factual Allegations Common to All Counts), Defendants, acting under color of state law, intentionally deprived Plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States, including the Fourth, Fifth, and Fourteenth Amendments, by submitting false and misleading information and evidence against Plaintiff, causing Plaintiff to be arrested and imprisoned and fabricated charges to be filed against Plaintiff. The false case also effectively destroyed Plaintiff's medical practice that had taken decades to build.

23.     The Attorney General and DOJ operated under a policy, formal or informal, whereby employees and agents were not properly trained and supervised to ensure against the knowing mischaracterization and falsification of evidence in materially misleading fashion and the fabrication of charges.

24.     As a direct and proximate result of Defendants' aforementioned acts, Plaintiff was injured as set forth above.

25.     Defendants undertook the aforesaid illegal acts intentionally and with

conscious disregard of the rights of Dr. Sheikh, and did so with fraud, oppression, and/or malice, as detailed in the general allegations section. This despicable conduct subjected Dr. Sheikh to cruel and unjust hardship so as to justify an award of punitive damages in an amount sufficient to deter such wrongful conduct in the future. Therefore, Dr. Sheikh is also entitled to punitive damages against Defendant in an amount to be determined at trial.

26.     Defendant Phelan is personally liable under 42 U.S.C. § 1983 and not immune based on the doctrine of qualified immunity. Defendant Bonta is liable in his official capacity as the Attorney General of the California Department of Justice.

WHEREFORE, Plaintiff seeks the relief set forth below.

**SECOND CLAIM FOR RELIEF**

**FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION**

**42 U.S.C. § 1983**

**(UNLAWFUL SEARCH AND SEIZURE)**

(*Against All Defendants*)

27.     Plaintiff Firdos Sheikh, M.D. ("Plaintiff" for purposes of this claim) brings this claim for relief against all Defendants and realleges and incorporates by reference in this claim each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

28.     The Fourth Amendment protects against unreasonable searches and seizures by the government. *Gonzalez v. ICE*, 975 F.3d 788, 819 (9th Cir. 2020) (citing U.S. Const. amend. IV). "The infringement on personal liberty of any 'seizure' of a person can only be 'reasonable' under the Fourth Amendment if we require the police to possess 'probable cause' *before* they seize him." *Id.* (emphasis in original) (quoting *Terry v. Ohio*, 392 U.S. 1, 38 (1968)). "Whenever an officer restrains the freedom of a person to walk away, he has seized that person." *Tennessee v. Garner*, 471 U.S. 1, 7 (1985).

29.     As described in detail above in Section IV (Factual Allegations Common to All Counts), Defendants, acting under color of state law, intentionally deprived Plaintiff

of rights, privileges, and immunities secured by the Constitution and laws of the United States, including the Fourth and Fourteenth Amendments, by unlawfully searching and seizing Plaintiff's property without probable cause, and unlawfully arresting and taking Plaintiff into custody without probable cause and in violation of clearly established state and federal law.

30.     The Attorney General and DOJ operated under a policy, formal or informal, whereby employees and agents were not properly trained and supervised to ensure against the unlawful search and seizure of person and property on the basis of materially misleading and mischaracterized evidence and half-truths and false charges brought without probable cause.

31.     As a direct and proximate result of Defendants' aforementioned acts, Plaintiff was injured as set forth above.

32.     Defendants undertook the aforesaid illegal acts intentionally and with conscious disregard of the rights of Dr. Sheikh, and did so with fraud, oppression, and/or malice, as detailed in the general allegations section. This despicable conduct subjected Dr. Sheikh to cruel and unjust hardship so as to justify an award of punitive damages in an amount sufficient to deter such wrongful conduct in the future. Therefore, Dr. Sheikh is also entitled to punitive damages against Defendants in an amount to be determined at trial.

33.     Defendant Phelan is personally liable under 42 U.S.C. § 1983 and not immune based on the doctrine of qualified immunity. Defendant Bonta is liable in his official capacity as the Attorney General of the California Department of Justice.

WHEREFORE, Plaintiff seeks the relief set forth below.

### THIRD CLAIM FOR RELIEF

#### FALSE IMPRISONMENT

(*Against All Defendants*)

34.     Plaintiff Firdos Sheikh, M.D. ("Plaintiff" for purposes of this claim) brings this claim for relief against all Defendants and realleges and incorporates by reference in

this claim each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

35.    "False imprisonment involves the intentional confinement of another against the person's will. The elements are (1) nonconsensual, intentional confinement of a person, (2) without lawful privilege, (3) for an appreciable period of time, however brief." *Bocanegra v. Jakubowski*, 241 Cal. App. 4th 848, 854 (2015) (citations omitted). *See also Young v. City of Los Angeles*, 655 F.3d 1156, 1169 (9th Cir. 2011).

36.    As described in detail above in Section IV (Factual Allegations Common to All Counts), Defendants, acting under color of state law, intentionally and with reckless disregard took and held Plaintiff in custody and confined her against her will for an appreciable period of time, even though they had no probable cause or privilege to do so, and federal and state constitutional law explicitly prohibited Defendants from doing so. *See* U.S. Const., amend. IV and XIV; Cal. Const., art. 1, §§ 7 and 13.

37.    Defendants' offensive conduct directly and proximately injured Plaintiff, as described above.

38.    Defendants undertook the aforesaid illegal acts intentionally and with conscious disregard of the rights of Dr. Sheikh, and did so with fraud, oppression, and/or malice, as detailed in the general allegations section. This despicable conduct subjected Dr. Sheikh to cruel and unjust hardship so as to justify an award of punitive damages in an amount sufficient to deter such wrongful conduct in the future. Therefore, Dr. Sheikh is also entitled to punitive damages against Defendants in an amount to be determined at trial.

39.    Individual Defendant Phelan is personally liable for false imprisonment.

40.    The Attorney General of the State of California Department of Justice is separately vicariously liable under state law, because at least one DOJ employee, acting within the course and scope of her duties, is liable for this state law violation. Cal. Gov. Code § 815.2.

WHEREFORE, Plaintiff seeks the relief set forth below.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FOURTH CLAIM FOR RELIEF

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(*Against All Defendants*)

41.     Plaintiff Firdos Sheikh, M.D. ("Plaintiff" for purposes of this claim) brings this claim for relief against all Defendants and realleges and incorporates by reference in this claim each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

42.     "A cause of action for intentional infliction of emotional distress exists when there is (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal.4th 1035,1050-1051 (2009) (internal quotation marks omitted).

43.     As described in detail above in Section IV (Factual Allegations Common to All Counts), Defendants, acting under color of state law, intentionally, recklessly, and with the intent to harm Plaintiff, provided mischaracterized and misleading evidence and half-truths, and fabricated criminal charges against Plaintiff on the basis of which they searched and seized Plaintiff and her property and criminally charged, arrested, and jailed Plaintiff, all without probable cause even though federal and state constitutional law explicitly prohibited Defendants from doing so. *See* U.S. Const., amend. IV and XIV; Cal. Const., art. 1, §§ 7 and 13. Defendants' unlawful actions decimated Plaintiff's livelihood, a consequence reasonably foreseeable to Defendants.

44.     Defendants' conduct was extreme and outrageous and was done with the intention of causing, or in reckless disregard of the probability of causing, emotional distress to Plaintiff. Defendants' conduct was carried out in direct violation of constitutional and statutory law and in a willful abuse of power; it was intended to cause extreme injury to Plaintiff with the foreseeability that it would do so. Defendants' conduct was so extreme as to exceed all bounds of that usually tolerated in a civilized

community.

45.     Plaintiff suffered severe or extreme emotional distress and injury as a direct and proximate result of Defendants' outrageous conduct, as described above.

46.     Defendants' offensive conduct directly and proximately injured Plaintiff.

47.     Defendants undertook the aforesaid illegal acts intentionally and with conscious disregard of the rights of Dr. Sheikh, and did so with fraud, oppression, and/or malice, as detailed in the general allegations section. This despicable conduct subjected Dr. Sheikh to cruel and unjust hardship so as to justify an award of punitive damages in an amount sufficient to deter such wrongful conduct in the future. Therefore, Dr. Sheikh is also entitled to punitive damages against Defendants in an amount to be determined at trial.

48.     Defendant Phelan is personally liable for this tortious conduct.

49.     The Attorney General of the State of California Department of Justice is separately vicariously liable under state law, because at least one DOJ employee, acting within the course and scope of her duties, is liable for this state law violation. Cal. Gov. Code § 815.2.

WHEREFORE, Plaintiff seeks the relief set forth below.

#### FIFTH CLAIM FOR RELIEF

##### NEGLIGENCE PER SE

(*Against All Defendants*)

50.     Plaintiff Firdos Sheikh, M.D. ("Plaintiff" for purposes of this claim) brings this claim for relief against all Defendants and realleges and incorporates by reference in this claim each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

51.     To establish negligence *per se*, "plaintiff must show that (1) defendant violated a statute, ordinance or regulation of a public entity, (2) the violation proximately caused his injury, (3) the injury resulted from an occurrence of the nature which the statute was designed to prevent; [and] (4) he was one of the class of persons for whose

protection the statute was adopted." *Sierra-Bay Fed. Land Bank Assn. v. Superior Court*, 227 Cal. App. 3d 318, 336 (1991).

52.     Plaintiff belongs to the class of persons that the California Constitution was designed to protect.

53.     As described in detail above in Section IV (Factual Allegations Common to All Counts), Defendants, acting under color of state law, intentionally, recklessly, and negligently, and with the intent to harm Plaintiff, provided mischaracterized and misleading evidence and half-truths, and fabricated criminal charges against Plaintiff on the basis of which they searched and seized Plaintiff and her property and arrested and jailed Plaintiff, all without probable cause, even though federal and state constitutional law explicitly prohibited Defendants from doing so. *See* U.S. Const., amend. IV and XIV; Cal. Const., art. 1, §§ 7 and 13.

54.     These violations directly and proximately caused injury to Plaintiff, as described above, and the injury resulted from an occurrence the nature of which the California Constitution was designed to prevent.

55.     Defendants undertook the aforesaid illegal acts intentionally and with conscious disregard of the rights of Dr. Sheikh, and did so with fraud, oppression, and/or malice, as detailed in the general allegations section. This despicable conduct subjected Dr. Sheikh to cruel and unjust hardship so as to justify an award of punitive damages in an amount sufficient to deter such wrongful conduct in the future. Therefore, Dr. Sheikh is also entitled to punitive damages against Defendants in an amount to be determined at trial.

56.     Defendant Phelan is personally liable for negligence *per se*.

57.     The Attorney General of the State of California Department of Justice is separately vicariously liable under state law, because at least one DOJ employee, acting within the course and scope of her duties, is liable for this state law violation. Cal. Gov. Code § 815.2.

WHEREFORE, Plaintiff seeks the relief set forth below.

## SIXTH CLAIM FOR RELIEF

### NEGLIGENCE

### (WITH MALICE AND OPPRESSION)

#### (*Against All Defendants*)

58.     Plaintiff Firdos Sheikh, M.D. ("Plaintiff" for purposes of this claim) brings this claim for relief against all Defendants and realleges and incorporates by reference in this claim each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

59.     At all times material to this complaint, Defendants, acting under color of law, had a duty to ensure that they followed the law with respect to the search and seizure of a person and her property, as well as the charging, arrest, and imprisonment of a person.

60.     However, as described in detail above in Section IV (Factual Allegations Common to All Counts), Defendants, acting under color of state law negligently and with reckless disregard for the truth provided mischaracterized and misleading evidence and half-truths, and fabricated criminal charges against Plaintiff on the basis of which they searched and seized Plaintiff and her property, and criminally charged, arrested, and jailed Plaintiff, all without probable cause, even though federal and state constitutional law explicitly prohibited Defendants from doing so. *See* U.S. Const., amend. IV and XIV; Cal. Const., art. 1, §§ 7 and 13.

61.     As a direct and proximate result of Defendants' aforementioned acts, Plaintiffs were injured as set forth above.

62.     Defendants undertook the aforesaid illegal acts intentionally and with conscious disregard of the rights of Dr. Sheikh, and did so with fraud, oppression, and/or malice, as detailed in the general allegations section. This despicable conduct subjected Dr. Sheikh to cruel and unjust hardship so as to justify an award of punitive damages in an amount sufficient to deter such wrongful conduct in the future. Therefore, Dr. Sheikh is also entitled to punitive damages against Defendants in an amount to be determined at

trial.

63.     Defendant Phelan is personally liable for negligence *per se*.

64.     The Attorney General of the State of California Department of Justice is separately vicariously liable under state law, because at least one DOJ employee, acting within the course and scope of her duties, is liable for this state law violation. Cal. Gov. Code § 815.2.

WHEREFORE, Plaintiff seeks the relief set forth below.

## VI.    PRAYER FOR RELIEF

WHEREFORE, on the basis of the foregoing claims, Plaintiff prays that the Court grant judgment against Defendants as follows:

1.      General and compensatory damages in an amount according to proof;

2.      Special damages according to proof;

3.      Costs, restitution, and multiple damages according to proof;

4.      Punitive and exemplary damages according to proof;

5.      Injunctive relief to enact policies and procedures to ensure against the violations described herein;

6.      Any and all applicable statutory and civil penalties;

7.      Pre- and post-judgment interest on any amounts awarded;

8.      An award of attorneys' fees and costs, including expert costs;

9.      Leave to amend this complaint to conform to the evidence produced in discovery and at trial; and

10.     Such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all triable issues.


Dated:  February 25, 2024                    ALMADANI LAW

                                     By:    */s/ Yasin M. Almadani*
                                            Yasin M. Almadani, Esq.

                                            AI LAW

                                     By:    */s/ Ahmed Ibrahim*
                                            Ahmed Ibrahim, Esq.

                                            *Attorneys for Plaintiff*